# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-57
Lower Tribunal No. F08-23160
_____

## Juan Aguilar,
Appellant,

vs.

## The State of Florida,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Law Office of Deana K. Marshall, P.A., and Deana K. Marshall (Riverview), for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, HENDON and GORDO, JJ.

GORDO, J.

Juan Aguilar appeals the trial court's denial of his post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging eight grounds of ineffective assistance of counsel. We have jurisdiction. Fla. R. App. P. 9.140(b)(D). Because the trial court properly granted an evidentiary hearing as to ground five and correctly denied all other grounds, we affirm. See Arbelaez v. State, 898 So. 2d 25, 32 (Fla. 2005) ("After an evidentiary hearing on a claim of ineffective assistance of counsel, we review the deficiency and prejudice prongs as 'mixed questions of law and fact subject to a de novo review standard but . . . the trial court's factual findings are to be given deference. So long as the [trial court's] decisions are supported by competent, substantial evidence, this Court will not substitute its judgment for that of the trial court on questions of fact and, likewise, on the credibility of the witnesses and the weight to be given to the evidence.'") (quoting Sochor v. State, 883 So. 2d 766, 781 (Fla. 2004)); Smithers v. State, 18 So. 3d 460, 464 (Fla. 2009) ("Without a showing of such actual bias of the juror, the defendant cannot establish the prejudice required by Strickland."); Owen v. State, 986 So. 2d 534, 546 (Fla. 2008) ("Trial counsel cannot be deemed ineffective for failing to present inadmissible evidence."); Darling v. State, 966 So. 2d 366, 377 (Fla. 2007) ("[T]his Court has held that even if alternate witnesses could provide more detailed testimony, trial counsel is not

ineffective for failing to present cumulative evidence."); Nelson v. State, 73 So. 3d 77, 89 (Fla. 2011) ("When a witness is unavailable to testify, trial counsel is not automatically ineffective for his or her failure to present that witness . . . Furthermore, even if a witness was available to testify and counsel was deficient in not presenting his or her testimony during trial, counsel is not ineffective if that testimony would have been cumulative to other evidence presented, because such cumulative evidence removes a defendant's ability to establish prejudice."); Israel v. State, 985 So. 2d 510, 520 (Fla. 2008) ("[W]here the individual claims of error alleged are either procedurally barred or without merit, the claim of cumulative error also necessarily fails.") (quoting Parker v. State, 904 So. 2d 370, 380 (Fla. 2005)).

Affirmed.